## Gust Karidis and Peter Monsures, Plaintiffs in Error, v. William Trampas, Defendant in Error.

### Gen. No. 23,076. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917.

### Statement of the Case.

Action by Gust Karidis and Peter Monsures, plaintiffs, against William Trampas, defendant, to recover rental paid to the lessor under a lease assigned to defendant, upon default of assignees of defendant. From a judgment of *nil capiat*, plaintiffs bring error.

ABRAHAM E. ADELMAN and ANDREW J. VLACHOS, for plaintiffs in error.

STEDMAN & SOELKE, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 402*—*when assignment of lease is invalid.* An assignment of a lease which contains a provision

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

against assignment without written consent of the landlord is invalid where such consent is not obtained.

2. LANDLORD AND TENANT, § 413*—*when consent by lessee to assignment of lease by assignee to other persons shown.* Evidence *held* sufficient to show the consent of lessees of premises to assignment of the lease by the assignee to other persons and acceptance of the obligation of such subsequent assignees in place of that of the first assignee.

3. APPEAL AND ERROR, § 1303*—*when presumed that evidence omitted from bill of exceptions warranted judgment.* Where a bill of exceptions states that it contains all of the evidence but it shows on its face that it does not, it will be presumed that the omitted evidence justified the finding and judgment of the trial court.

4. LANDLORD AND TENANT, § 416*—*when lessee may not recover from assignee rent paid by lessee to lessor.* Where a lessee has failed to perform his agreement to procure the written consent of the lessor to an assignment of the lease, he cannot recover from the assignee rent paid to the lessor due to the default of the assignees of such assignee.